UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO. _____

STERLING HOPE III and BONNIE HOPE,

    Plaintiffs,

vs.

CITY OF OCALA, FLORIDA, a Florida Municipality,
And OFFICER NATAWI CHIN, Individually,

    Defendants.

_____/

**COMPLAINT**
**(Jury Trial Demanded)**

Plaintiffs, Sterling Hope III and Bonnie Hope, hereby sue Defendants, City of Ocala, Florida, a Florida Municipality, and Officer Natawi Chin, Individually, (hereinafter referred to as Officer Chin), and alleges:

**GENERAL ALLEGATIONS**

1. This is an action brought pursuant to the provisions of 42 U.S.C. § 1983 and 1988 and Fourth Amendment to the United States Constitution, together with state law claims.

2. This Court has jurisdiction of this action pursuant to provision 42 U.S.C. § 1983, 28 U.S.C. § 1343 and 28 U.S.C. § 1331. Jurisdiction over the state law claims is based upon the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367.

3. At all times material hereto, Plaintiff, Sterling Hope III, was and is a resident of Marion County, Florida, and the United States of America.

4. At all times material hereto, Plaintiff, Bonnie Hope, was and is a resident of Marion County, Florida, and the United States of America.

5. At all times material hereto, Plaintiffs, Sterling Hope III and Bonnie Hope, were married and living together as husband and wife.

6. At all times material hereto, the City of Ocala, Florida is and was a Florida municipality that employed Defendant, Officer Chin, as a sworn police officer.

7. At all times material hereto, Officer Chin was a resident of Marion County, Florida, and a police officer with the City of Ocala, Florida.

8. And at all times material hereto, Officer Chin was acting in the course and scope of his employment and under the color of law, unless otherwise indicated, and Officer Chin is sued herein in his official and individual capacities.

9. On or about November 18, 2022, Plaintiffs, Sterling Hope III and Bonnie Hope, furnished the City of Ocala and Department of Financial Services with written notice of claim via certified mail – return receipt requested pursuant to Section 768.28, Florida Statutes.

10. Plaintiffs, Sterling Hope III and Bonnie Hope, have complied with all the conditions precedent, including the conditions precedent set forth in Section 768.28, Florida Statutes, prior to filing this civil action.

11. Plaintiffs, Sterling Hope III and Bonnie Hope, have retained the undersigned counsel and agreed to pay them reasonable attorney's fees to represent them in this action.

## STATEMENT OF FACTS

12. On July 13, 2022, at approximately 5:15 p.m., while Plaintiff, Sterling Hope III, was driving to a haircut appointment, Officer Chin falsely claimed that he suspected a window tint violation, thus purportedly justifying a traffic stop in Ocala, Florida.

13. In fact, Officer Chin only stopped the Plaintiff, an African American male, on this day and at this time because he was driving a black Dodge Charger and in the hopes of making a drug arrest, he illegally stopped Mr. Hope in his vehicle on a public roadway.

14. After the Plaintiff complied with the vehicle stop initiated by Officer Chin, Officer Chin approached the vehicle and requested his driver's license and registration, with which the Plaintiff complied.

15. Officer Chin returned to his vehicle after having purportedly checked the "tint" and ran the driver's license and plate registration, confirming that the Plaintiff was in fact the owner of the vehicle. At no time between when the Plaintiff rolled down the window of his vehicle and handed over his driver's license and registration and Officer Chin returning to his own vehicle to run that information and returning those items to the Plaintiff did Officer Chin make any mention of the "odor of marijuana emanating from the vehicle".

16. Upon returning to the Plaintiff's vehicle with the driver's license and registration, Officer Chin, falsely and maliciously then informed the Plaintiff that he purportedly smelled the strong odor of marijuana emanating from the vehicle and used that as a pretense to have the Plaintiff exit his vehicle so that he could then proceed to

3

illegally search the vehicle and its contents, which included a gym bag. Before illegally searching the Plaintiff's vehicle, Officer Chin asked the Plaintiff for his consent, which was refused. After illegally searching the Plaintiff's vehicle, Officer Chin found no marijuana.

17. After illegally searching the Plaintiff's vehicle, he found prescription medication bottles and, without field testing the Plaintiff's medication or otherwise conducting any probable cause investigation into what the contents of the prescription pill bottles were, he seized the Plaintiff's blood pressure medication and informed the Plaintiff verbally that he was being placed under arrest for the possession of Oxycodone.

18. The Plaintiff asked Officer Chin to show the Plaintiff what Officer Chin had found in his vehicle, but Officer Chin refused to show him the pill bottles in the gym bag that he was accusing the Plaintiff of possessing.

19. Officer Chin illegally arrested the Plaintiff, Sterling Hope III, for felony possession of a controlled substance without a prescription (Oxycodone), punishable by up to a maximum of 5 years in prison.

20. Plaintiff, Sterling Hope III, was illegally handcuffed, placed in the rear of a police patrol car, transported to the Marion County Jail, booked into Jail and held in custody until he posted a bond, and was released from custody approximately 8 hours later. While being processed into Jail, the Plaintiff was subjected to a cavity search, placed into jail clothing and remained in the booking section of the jail until released on bond.

21. Sterling Hope III is a deacon and the son of a prominent pastor in Ocala, Florida and his booking photo and other information was made available to the public

and word quickly spread of his arrest, detention and the charge levied against him by Officer Chin.

22. The felony charge levied against him that resulted in his jailing was dismissed by the Ocala Police Department itself and the $200.00 used to post the $2,000.00 bond was returned to him. Thus, the charges against the Plaintiff were resolved completely in his favor.

23. At no time after the illegal stop outlined above did Officer Chin ever issue a citation for or arrest the Plaintiff for possession of marijuana or a "tint" violation.

### COUNT I – SECTION 1983
### CLAIM AGAINST OFFICER CHIN
### UNLAWFUL STOP, DETENTION AND INTERROGATION

24. Plaintiff, Sterling Hope III, hereby realleges, readopts, and reincorporates Paragraphs 1 through 23 above as if fully set forth herein.

25. The actions of Officer Chin caused the stop, detention and interrogation of Plaintiff, Sterling Hope III, in the absence of probable cause that a crime was being committed, nor reasonable suspicion to believe that a traffic violation was occurring, and were taken in absence of lawful authority.

26. The conduct of Officer Chin towards Plaintiff, Sterling Hope III, was objectively unreasonable and violated the clearly established rights of Plaintiff under the Fourth Amendment of the United States Constitution, and 42 U.S.C. § 1983, to be free from stop, detention and interrogation in the absence of probable cause.

27. As a direct and proximate result of the acts described herein, in violation of 42 U.S.C. § 1983, Plaintiff, Sterling Hope III, has suffered loss of his liberty and freedom, mental anguish, public disrepute and the like.

**WHEREFORE**, Plaintiff, Sterling Hope III, demands judgment against Officer Chin as follows:

  a. for compensatory damages;

  b. for punitive damages;

  c. for costs of this action and attorney's fees pursuant to Provisions of 42 U.S.C. § 1983 and § 1988; and

  d. any further relief as allowed by law due to the unlawful conduct of Officer Chin.

## COUNT II – SECTION 1983
## CLAIM AGAINST OFFICER CHIN
## FALSE ARREST/FALSE IMPRISONMENT

28. Plaintiff, Sterling Hope III, hereby realleges, readopts, and reincorporates Paragraphs 1 through 23 above as if fully set forth herein.

29. The actions of Officer Chin in causing the search of the Plaintiff's vehicle and the arrest of Plaintiff, Sterling Hope III, in the absence of probable cause were taken in the absence of lawful authority. Officer Chin's actions led to an illegal search of the Plaintiff's vehicle and his belongings, which then resulted in the false arrest/false imprisonment of the Plaintiff, Sterling Hope III, for felony narcotic possession. Officer Chin completely fabricated his so-called "probable cause" for conducting a search of the Plaintiff's vehicle, thus setting into motion the balance of Officer Chin's illegal actions.

30. The conduct of Officer Chin towards Plaintiff, Sterling Hope III, was objectively unreasonable and violated the clearly established rights of Plaintiff under the Fourth Amendment of the United States Constitution, and 42 U.S.C. § 1983, to be free from seizure, search, arrest and confinement in the absence of probable cause.

31. As a direct and proximate result of the acts described herein, in violation of U.S.C. § 1983, Plaintiff, Sterling Hope III, has been brought into public scandal, with great humiliation, mental suffering and damaged reputation.

32. As a further direct and proximate result of the conduct of Officer Chin, Plaintiff, Sterling Hope III, suffered loss of his liberty and freedom and the costs of bond, though that was ultimately returned to him. The losses of Plaintiff are either permanent or continuing and the Plaintiff will suffer the losses in the future, in violation of his civil rights.

**WHEREFORE**, Plaintiff, Sterling Hope III, demands judgment against Officer Chin as follows:

    a. for compensatory damages;

    b. for punitive damages;

    c. for costs of this action and attorney's fees pursuant to Provisions of 42 U.S.C. § 1983 and § 1988; and

    d. any further relief as allowed by law due to the unlawful conduct of Officer Chin.

### COUNT III – STATE LAW CLAIM AGAINST THE CITY OF OCALA FALSE ARREST/FALSEIMPRISONMENT

33. Plaintiff, Sterling Hope III, hereby realleges, readopts, and reincorporates Paragraphs 1 through 23 above as if fully set forth herein.

34. Officer Chin did not have probable cause to believe that Plaintiff, Sterling Hope III, had committed the alleged criminal offenses of possession of a controlled substance (Oxycodone) without a prescription as he did no field testing of the seized

pills, failed to have other Ocala police officers come to the scene and test it, or, in the alternative, he had the field testing equipment issued by the City of Ocala to him and he knowingly chose not to use it. In either event, there was not sufficient circumstances to cause a reasonable, cautious person to believe that the Plaintiff, Sterling Hope III, had committed the aforementioned criminal offense. Further, he unreasonably refused to even show Mr. Hope what he seized and was charging him with possession. The facts and circumstances known to Officer Chin, including that he had no evidence of oxycodone in Mr. Hope's possession, were not sufficient to cause a reasonable, cautious person to believe that Plaintiff, Sterling Hope III, had committed the aforementioned criminal offense.

35. Officer Chin intentionally caused Plaintiff, Sterling Hope III, to be arrested and restrained for the alleged criminal offenses of felony possession of a controlled substance. Further, Officer Chin either purposely caused the arrest and restraint of Plaintiff, or otherwise acted with knowledge that the arrest and restraint of Plaintiff would be substantially certain to occur.

36. The arrest and restraint of Plaintiff, Sterling Hope III, was against the will of Plaintiff and was unlawful, unreasonable and without probable cause.

37. As a direct and proximate result of the aforementioned acts, Plaintiff, Sterling Hope III, has suffered grievously and has been brought into public scandal and disrepute, with great humiliation, mental suffering and damaged reputation.

38. As a further direct and proximate result of the conduct of the aforementioned City of Ocala police officer, the Plaintiff, Sterling Hope III, was arrested, detained and confined in jail and suffered from or incurred injury to his

reputation and health; shame; humiliation and embarrassment; mental anguish; emotional distress; and costs of bond (later returned).

**WHEREFORE**, Plaintiff, Sterling Hope III, hereby demands judgment for damages against the City of Ocala, together with costs of this civil action and any further relief this Court deems appropriate.

### COUNT IV – STATE LAW CLAIM AGAINST OFFICER CHIN FALSE ARREST/FALSE IMPRISONMENT

39. Plaintiff, Sterling Hope III, hereby realleges, readopts, and reincorporates Paragraphs 1 through 23 above as if fully set forth herein.

40. Officer Chin, individually, proximately caused the arrest of Plaintiff, Sterling Hope III, in the absence of probable cause that Plaintiff committed any criminal offense.

41. The actions of Officer Chin, individually, in causing the arrest of Plaintiff, Sterling Hope III, in the absence of probable cause, were taken in absence of lawful authority. The actions of Officer Chin, individually, constitute false arrest/false imprisonment of Plaintiff.

42. Or, in the alternative, if the false arrest/false imprisonment of Plaintiff, Sterling Hope III, was not committed by Officer Chin during the course and scope of his employment with the City of Ocala, or was committed by Officer Chin in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, the false arrest/false imprisonment of Plaintiff, Sterling Hope III, was committed by Officer Chin in his individual capacity.

43. As a direct and proximate result of the aforementioned acts, Plaintiff, Sterling Hope III, has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation.

44. As a further direct and proximate result of the conduct of Officer Chin, individually, Plaintiff, Sterling Hope III, suffered loss of his liberty and freedom; costs of bond (later returned); mental anguish; and loss of capacity for the enjoyment of life. The losses to Plaintiff, Sterling Hope III, are either permanent or continuing and Plaintiff will suffer the losses in the future.

**WHEREFORE**, Plaintiff, Sterling Hope III, hereby demands judgment for damages against Officer Chin, together with costs of this civil action and any further relief this Court deems appropriate.

**COUNT V
LOSS CONSORTIUM CLAIM ON BEHALF OF
PLAINTIFF, BONNIE HOPE, AGAINST DEFENDANTS**

45. Plaintiff, Bonnie Hope, hereby realleges, readopts, and reincorporates Paragraphs 1 through 23, 25 through 27, 29 through 32, 34 through 38, and 40 through 44 above.

46. That as a direct and proximate result of the illegal stop, search, arrest and detention of Sterling Hope III by the Defendants, City of Ocala, Florida and Officer Chin, as aforesaid, the Plaintiff, Bonnie Hope, was caused to suffer in the past and will suffer in the future the loss of her husband's services, companionship and consortium, mental and emotional anguish.

**WHEREFORE**, the Plaintiff, Bonnie Hope, hereby demands judgment for damages against Defendants, City of Ocala, Florida and Officer Chin, together with costs of this civil action and any further relief this Court deems appropriate.

### DEMAND FOR JURY TRIAL

Plaintiffs, Sterling Hope III and Bonnie Hope, hereby demand a jury trial in this action.

**DATED** this 9th day of October, 2023.

DANIEL P. FAHERTY, ESQUIRE
Florida Bar No. 379697
Telfer, Faherty & Anderson, PLLC
815 South Washington Avenue, Suite 201
Titusville, FL 32780-4299
Telephone No.: (321) 269-6833
Facsimile No.: (321) 383-9970
cguntner@ctrfa.com
croca@ctrfa.com
Attorneys for Plaintiffs